UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THOMAS GRASHA, Jr. and MOLLY GRASHA, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) CAUSE NO. 2:25-cv-227-PPS-APR ) |
| BP PRODUCTS NORTH AMERICA, INC., *et al.*, | ) ) ) ) |
| Defendants. | ) |

# OPINION AND ORDER

This case was filed in state court and then removed here by Defendants BP Products North America and Rudy Gallegos. Defendant United Rentals did not sign the notice of removal, but within the body of the notice of removal, the other defendants represented that United Rentals consents to the removal. Plaintiffs, Thomas and Molly Grasha, seek remand of this matter, arguing the removal was defective because not all defendants signed it in writing. [DE 21, 22.] This case is procedurally identical to a case I decided just last year, *Ledesma v. Gary Railway Co.*, No. 2:23-cv-322, 2024 WL 414193 (N.D. Ind. Feb. 5, 2024) (remanding where one defendant consented in the removal but did not sign the notice of removal). To be sure, remanding under these circumstances is an exercise in formalism, but it is required by both the text of the removal statute and controlling Seventh Circuit precedent. As a result, this case will be sent back to state court.

**Background**

On April 2, 2025, Plaintiffs Thomas Grasha, Jr. and Molly Grasha filed their complaint in the Lake Circuit Court alleging that Thomas Grasha, Jr. sustained personal injuries while working at the BP Products North America Whiting Refinery. [Compl., DE 2 at 1-2.] Specifically, the ground near a water leak collapsed, causing Grasha to be sucked into a sinkhole filled with water, sand, and gasoline. [*Id.* at 3.] Defendant United Rentals was the owner or lessor of the super vacuum pump that was being operated at the time of the incident and Defendant Rudy Gallegos was BP Products' Director of Health, Safety, and Environmental and was in charge of safety enforcement. [*Id.* at 2.] Although there are no delineated counts in the complaint, it alleges Defendants' negligence and requests compensatory damages and punitive damages.

Defendants BP Products North America and Rudy Gallegos filed a notice of removal on the basis of diversity jurisdiction. [DE 1.] In the notice of removal, BP Products North America and Rudy Gallegos alleged Plaintiffs improperly and fraudulently joined Gallegos in an attempt to destroy diversity of citizenship and prevent removal under 28 U.S.C. § 1332. [*Id.* at 2-3.] Defendants further asserted that, setting aside the fraudulently joined Gallegos, this court has jurisdiction under section 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, so the action was removable under 28 U.S.C. § 1441. [*Id.* at 2.]

Plaintiffs timely filed this motion to remand to state court. [DE 21.] They argue

2

that the notice of removal is procedurally and fatally defective because Defendant United Rentals did not sign it.[1]

## Discussion

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United Sates for the district and division embracing where such action is pending."  A case may be removed from state court to federal court if it is based on statutorily permissible grounds and if it is timely. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004); s*ee also* 28 U.S.C. § 1441; 28 U.S.C. § 1446.  However, there are strict removal rules and they are interpreted very narrowly.

The Seventh Circuit has directed that, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.  Any doubt regarding jurisdiction should be resolved in favor of the states, and the burden of establishing federal jurisdiction falls on the party seeking removal."  *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (citations omitted).  When challenged, the party seeking federal jurisdiction bears the burden of proving by a preponderance of the evidence that a case belongs in federal court.  *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006).  "In considering a motion for remand, the court must

---

[1] Also pending before me is Defendant Rudy Gallegos's motion to dismiss pursuant to Rule 12(b)(6) [DE 10] and Plaintiffs' notice of voluntary dismissal of solely Defendant Gallegos [DE 32]. Since I am remanding this matter, these motions are best left to the state court judge on remand. *See Ruhrgras AG v. Marathon Oil Co.*, 526 U.S. 574, 586-87 (1999).

examine the plaintiffs' complaint at the time of the defendant's removal and assume the truth of all factual allegations contained within the original complaint." *Scouten v. MNL-FTS, LLC*, 708 F.Supp.2d 729, 731 (N.D. Ill. 2010) (quotations and citations omitted).

Plaintiffs argue the removal is procedurally improper because not all of the defendants signed it—namely, United Rentals did not sign it or file with the court a timely written consent. The statute provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). In this case, only counsel for Defendants BP Products North America and Rudy Gallegos actually signed the notice of removal. [DE 1 at 5.] The notice contains a provision that "Defendant United Rentals (North America), Inc., improperly named as United Rentals, Inc., was served on April 11, 2025 and expressly provided its consent to removal on April 25, 2025." [*Id.* at 2.] However, the Seventh Circuit applies the requirement of timely *written* consent strictly. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993) (overruled on other grounds). As the Seventh Circuit has stated, "[a] petition for removal fails unless all defendants join it. To 'join' a motion is to support it in writing." *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) (abrogated on other grounds). In *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997), the Seventh Circuit applied this requirement to find a removal petition defective because even though the removing defendant "noted that all properly served defendants agreed to the removal, . . . not all of these defendants joined in the petition

4

because not all of them signed it."

Defendants have several arguments as to why removal is proper in this case. First, they argue that the December 2011 Amendment to 28 U.S.C. § 1446[2] effectively changed the requirements of removal. The Amendment added a requirement that all defendants "who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Defendants argue the previous version of the statute "required that each defendant seeking removal to file a notice of removal, signed pursuant to Rule 11, which the Seventh Circuit interpreted to require any notice of removal to be joined 'in writing' by other defendants." [DE 28 at 2-3 (citing *Roe*, 28 F.3d at 301).]

This argument isn't persuasive. Yes, the 2011 Amendment added the paragraph "when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." However, paragraph (a) in 1446(a) remained largely the same: both before and after the Amendment it has always required:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal *signed pursuant to Rule 11* of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

---

[2] This is the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("FCJVCA"), PL 112-63, December 7, 2011, 125 Stat 758.

(Emphasis added) (28 U.S.C. § 1446(a) comparing the version effective October 19, 1996 to the 2011 Amendment.) The only change in the Amendment was deleting the requirement in paragraph (a) for removal in criminal prosecutions. But the rest of paragraph (a) in § 1446 remains untouched by the Amendment—as the statute is currently, defendants (meaning all defendants) have to sign the removal notice pursuant to Federal Rule of Procedure Rule 11.

      Defendants urge that the requirement that all defendants expressly join the notice of removal in writing "emanates from the pre-2011 language requiring that 'a defendant *or defendants* desiring to remove any civil action . . . shall file . . . a notice of removal.'" [DE 28 at 3 n. 1 (emphasis in original.] But this is a perplexing argument; as I just explained, that statutory language has remained constant—the current statute still requires a defendant *or defendants* who want to file a notice of removal to sign it pursuant to Rule 11 of the Federal Rules of Civil Procedure.

      What's more, the whole structure of § 1446, supports the reading that defendants must act separately when consenting to removal in writing. For example, § 1446(b)(2)(B) speaks to "each defendant" having 30 days after receipt of service to act; and § 1446(b)(2)(c) discusses what the rules are when defendants are served at different times. What the rule plainly requires is affirmative individual action by each defendant when removal is being contemplated. This kind of individual action by each defendant serves to remove any ambiguity from the removal process. And while the rule is stringent, it has the benefit of being a bright line and easy to follow. The fact that it

wasn't adhered to in this case is an error of the defendants.

Defendants argue the statement in the removal petition that United Rentals consented to the removal surely must satisfy the current removal requirements. Defendants point out that each Seventh Circuit opinion cited to in Plaintiffs' motion to remand pre-dates the 2011 amendment to 28 U.S.C. § 1446. And this is certainly true. However, Defendants also fail to cite to any Seventh Circuit authority *after* the amendment that revises the Seventh Circuit's longstanding holding that written consent by each defendant is required. Defendants provide no Seventh Circuit caselaw whatsoever interpreting the addition of the provision that "all defendants who have been properly joined and served must join in or consent to the removal of the action" to mean that removal can be satisfied without all defendants actually signing the notice of removal. I'm not aware of any such Seventh Circuit case addressing this issue. The Southern District of Indiana confronted this exact argument, noting that even after the Amendment:

> [T]he Seventh Circuit has not revisited its holdings regarding this issue. Furthermore, it is unclear whether Congress intended the Act to change existing standards. *See Griffoen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1186 (8th Cir. 2015) (recognizing that "[t]he Supreme Court in *Martin*, 178 U.S. 245 long ago established, under a predecessor removal statute, that removal based on a federal question requires the unanimous consent of all defendants," and that "[t]hat rule persists to this day and has been codified in the 2011 amendments to § 1446." In the absence of Seventh Circuit precedent to the contrary, the Court holds that the written consent of each defendant is still required.

*Kindred v. Indiana Department of Child Services*, No. 2:18-cv-207-WTL-DLP, 2018 WL

7

11270648, at *2 (S.D. Ind. July 24, 2018). I don't think the Amendment eliminated the written consent requirement—it merely clarified that defendants may either join the removal notice or file a consent to the removal—but either way, that defendant has to do so in writing.

In *Ledesma*, 2024 WL 414192, I noted my reluctance to require this formalistic view, but nevertheless found Seventh Circuit law required remand. *Id.* at *2. Although Defendants in this case try to distinguish *Ledesma* by claiming the parties did not include a recitation of the consent in *Ledesma* [DE 28 at 4], that is not true—like here, the defendants in *Ledesma* obtained the other defendant's consent prior to filing the notice of removal and listed the consent in the motion. *Id.* at *2.

It is true that a couple of district judges have ruled the other way. *See, e.g., Jenson v. Lowe's Home Centers*, No. 1:22-cv-1100-JRS-MPB, 2022 WL 4462425, at *1-2 (S.D. Ind. Sept. 26, 2022).³ But the majority of the recent decisions by district courts in this circuit have ruled the same way I did in *Ledesma*—requiring all defendants to sign the notice of removal and specifically finding a mere representation of consent deficient. *See, e.g., Northern Indiana Pub. Serv. Co. LLC v. Energy Group, Inc.*, No. 2:24-cv-229-GSL-JEM, 2025 WL 399471, at *3 (N.D. Ind. Feb. 5, 2025) (finding notice of removal filed without the written consent of all defendants was defective and because a confirmation of consent

---

³ Another case cited by Defendants is *Clay v. Thorup*, No. 1:25-cv-18-JPH-TAB, 2025 WL 1386693, at *1 (S.D. Ind. May 14, 2025). That case did state that a notice of removal indicating all defendants consented to removal was satisfactory; however, the *Thorup* court then cited as authority "Mayo v. Bd. of Ed. of Price [sic] George's Cnty., 713 F.3d 735, 742 (7th Cir. 2013)." But *Mayo* is a *Fourth Circuit case*, not a Seventh Circuit one. The *Throrup* court inadvertently cited *Mayo* as deriving from the Seventh Circuit. So the reasoning in *Thorup* is suspect.

was filed only after the 30-day window for removal had elapsed, remand was appropriate); *Morgan v. Town of Georgetown*, No. 4:21-cv-59-TWP-DML, 2021 WL 2801351, at *4-5 (S.D. Ind. July 6, 2021) (finding to properly consent to removal or join a notice of removal, the remaining defendants must sign the notice of removal, and finding deficient where attorney allegedly signed in his capacity as attorney for all defendants because not all defendants signed the notice of removal); *Riddle v. Ryan*, No. 1:19-cv-1263-RLY-TAB, 2019 WL 6481253, at *2 (S.D. Ind. June 7, 2019) (finding removal petition defective because it wasn't signed by all defendants); *Jarvis v. Davis*, No. 316-cv-525, 2016 WL 6275600, at *3 (N.D. Ind. Oct. 27, 2016) (same); *Viking, Inc. v. NBD Int'l, Inc.*, No. 1:16-CV-25, 2016 WL 4698240, at *3 (N.D. Ind. Sept. 8, 2016) (same); *Matthews v. Atlas Collections, Inc.*, 3:16-cv-33-RLY-MPB, 2016 WL 4136446 (S.D. Ind. Aug. 4, 2016) (same); *Boruff v. Transervice, Inc.*, No. 2:10-CV-322, 2011 WL 1296675, at *2 (N.D. Ind. Mar. 30, 2011) (same).

Here, the notation in the removal noting that United Rentals consented to removal is insufficient to meet the Seventh Circuit's strict requirement of express, written consent. As I noted above, "[t]he removal statute should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal." *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715 (7th Cir. 2000) (concurrence). Defendants did not attempt to amend the notice of removal. However, United Rentals did file a written consent to removal on May 30, 2025 [DE 28-1] along with it memorandum in opposition to the motion to

9

remand. But United Rentals was served on April 11, 2025. [DE 1 at 2.] Therefore, their 30-day window to sign onto a notice of removal or file a separate written consent to removal closed on Monday May 13, 2025. 28 U.S.C. § 1446(b). The notice of consent to remove filed on May 30, 2025, was therefore too late and cannot save Defendants. *See Boruff*, 2011 WL 1296675, at *4-*6 (finding amended notice did not remedy defect, ruling that although the Seventh Circuit has allowed late amendments in a few instances, "in each of these cases, multiple factors—often including the fact that the unconsenting party's consent was not required for removal—supported the Court's decision not to remand the case); *see also Morgan*, 2021 WL 2801351, at *4-5 (finding motion for leave to amend the notice of removal after the 30-day time window was insufficient). In this case, United Rentals is not a nominal defendant, and their consent was necessary.

The result is the same with the e-mail produced at the same time as the notice of consent, on May 30, 2025. [DE 28-2.] Although the e-mail expressing United Rentals' consent to remove is dated April 25, 2025, it was only produced to the court and filed after the 30-day removal period expired. *See Komacko v. American Erectors, Inc.*, No. 2:12-cv-495, 2013 WL 3233229, at *2 (N.D. Ind. June 25, 2013) (granting remand where the non-removing defendant's "email and letter consenting to removal is insufficient to meet the Seventh Circuit's strict requirement of express, written consent, and the later filed notice of consent was untimely."); *Morgan*, 2021 WL 2801351, at *5 ("proof of private agreement preceding the deadline does not suffice, a non-removing party's express written consent must be filed with the Court.").

10

Finally, United Rentals argues further evidence in support of its consent to removal is the fact that it answered Plaintiff's complaint on May 7, 2025, within 3 days of being served, sought and obtained orders for discovery extensions, and has made filings confirming the existence of diversity of citizenship. [DE 28 at 2; *see* DE 8, 13, 20.] But the main idea that I keep returning to is the premise that the consent requirement has to be satisfied *at the time of removal*, not cured by subsequent conduct after the removal period has expired. *See Mudd v. City of Fort Wayne*, No. 1:22 CV 26-HAB, 2022 WL 2235948 (N.D. Ind. June 22, 2022) (strictly applying the statutory procedures for removal and finding because a motion to amend was filed after the 30-day window, it could not fix the defective notice); *Morgan*, 2021 WL 2801351, at *5 (finding belated attempt to fix removal could not cure the procedural defect and citing Wright & Miller's Federal Practice and Procedure for the proposition that the failure of all defendants to join the removal within 30 days is a straightforward example of an incurable defect requiring remand.)  Actions like these—filing an answer or taking other action isn't the equivalent to consenting to removal—it is merely participating in the federal forum once that case has been removed. *See Matthews*, 2016 WL 4136446, at *2 (finding defendant's counsel filing an appearance and notice of automatic extension of time "insufficient to establish unequivocal consent to removal"); *Prod. Stamping Corp. v. Maryland Cas. Co.*, 829 F. Supp. 1074, 1077 (E.D. Wisc. 1993) (holding "mere filing of an answer does not constitute a sufficient expression of consent.").

Because United Rentals did not join the removal or file a separate written consent

11

to the removal with the Court within the statutory time period, the notice of removal in this case fails to meet the consent requirements of 28 U.S.C. § 1446, and is defective. This defect can't be cured after the expiration of the 30-day removal period. Therefore, this case will be remanded.

## Conclusion

For the reasons set forth above, the motion to remand [DE 21] is **GRANTED** and this case is **REMANDED** back to the Lake Circuit Court, Indiana.

SO ORDERED.

DATED: July 8, 2025.

>   /s/   Philip P. Simon
> PHILIP P. SIMON, JUDGE
> UNITED STATES DISTRICT COURT